2011R01365/SBM/JGM/BAW/gr

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Claire C. Cecchi |
| v. | : | Crim. No. 12-646 |
| ASHOKKUMAR BABARIA, | : | PRELIMINARY ORDER OF FORFEITURE |
| Defendant. | : | <u>(FINAL AS TO THE DEFENDANT)</u> |

WHEREAS, on or about September 27, 2012, defendant Ashokkumar Babaria was charged in a one-count Information (the "Information") with violation of the federal Anti Kickback Statute, 42 U.S.C. § 1320a-7b(b)(2), a Federal health care offense as defined by 18 U.S.C. § 24, in connection with the payment of illegal bribes and kickbacks to physicians in exchange for patient referrals to Orange MRI, a diagnostic testing center of which the defendant was the medical director;

WHEREAS, the Information provided notice that upon the defendant's conviction, the Government would seek forfeiture, pursuant to 18 U.S.C. § 982(a)(7), of all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the Federal health care offense charged in the Information;

WHEREAS, on or about September 27, 2012, defendant Ashokkumar Babaria pleaded guilty to the Information without a plea agreement;

WHEREAS, pursuant to 18 U.S.C. § 982(a)(7), the defendant is required to forfeit all property constituting or derived, directly or indirectly, from the gross proceeds traceable to the Federal health care offense of which the defendant was convicted;

WHEREAS, after hearing testimony and the arguments of counsel at sentencing, the Court finds by a preponderance of the evidence that the gross proceeds obtained by Orange MRI as a result of the corruptly referred tests, as charged in the Information, totaled $2,014,601;

WHEREAS, based on the facts presented to the Court and the arguments of counsel, the Court finds by a preponderance of the evidence that during the course of the criminal investigation, the defendant provided cash to Orange MRI employees that was to be used to pay kickbacks to doctors involved in the scheme; that these employees, unbeknownst to the defendant, were cooperating with the government; and that these cash kickbacks, which totaled $46,522, were recovered from the cooperators by special agents of the Department of Health and Human Services Office of the Inspector General ("HHS-OIG") and have continuously been in the custody of HHS-OIG since the time of recovery;

WHEREAS, based on the facts presented to the Court and the arguments of counsel, the Court finds by a preponderance of the evidence that the $46,522 in the custody of HHS-OIG is directly forfeitable as specific property with the requisite nexus to the offense of conviction and should be included in the Court's forfeiture order;

WHEREAS, the provisions of 21 U.S.C. § 853(n) (incorporated by reference in 18 U.S.C. § 982(b)) and Fed. R. Crim. P. 32.2(b)(6) require publication and notice to third parties known to have alleged an interest in forfeited property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, good and sufficient cause having been shown, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1. As a result of the defendant's conviction of the Federal health care offense charged in the Information, pursuant to 18 U.S.C. § 982(a)(7) and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), a criminal forfeiture money judgment in the amount of $2,014,601 (the "Money Judgment") shall be entered against the defendant.

2. As a further result of the defendant's conviction of the Federal health care offense charged in the Information, pursuant to 18 U.S.C. § 982(a)(7) and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), all of the defendant's right, title and interest in the $46,522 recovered by the Department of Health and Human Services Office of the Inspector General during the course of the investigation (the "Specific Property") is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853 (incorporated by reference in 18 U.S.C. § 982(b)).

3. Upon entry of a final order of forfeiture as to the Specific Property, the Specific Property shall be applied to the money judgment, in partial satisfaction thereof.

4.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Ashokkumar Babaria, shall be made part of the sentence of defendant Ashokkumar Babaria, and shall be included in the judgment of conviction therewith.

5.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the Department of Health and Human Services Office of the Inspector General, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

6.     Pursuant to 21 U.S.C. § 853(n)(1), 18 U.S.C. § 982(b), and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov.  The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.     Pursuant to Fed R. Crim. P. 23.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition.  The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and

extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

8. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

9. Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

10. All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

11. Upon execution of this Order of Forfeiture, and pursuant to 21 U.S.C. § 853, the United States Marshals Service is authorized to deposit all

payments on the Money Judgment in its assets forfeiture fund, and the United States shall have clear title to such forfeited property.

12.	Pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture the United States Attorney's Office for the District of New Jersey is authorized to conduct any discovery needed to identify, locate, or dispose of property subject to forfeiture, including depositions, interrogatories, requests for production of documents, and subpoenas.

13.	This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 30 day of April, 2014.

HONORABLE CLAIRE C. CECCHI
United States District Judge